989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony RICH, Plaintiff-Appellant,
v.
Robert BROWN, JR., et al., Defendants-Appellees.
 No. 92-1796.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Tony Rich appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Rich sued numerous Michigan correctional personnel, alleging various violations of his Eighth Amendment rights. Rich was subsequently paroled from prison and retained counsel, who filed an amended complaint on behalf of Rich. The amended complaint dropped Rich's requests for declaratory and injunctive relief and alleged that the defendants violated his constitutional rights and committed various state torts when they were deliberately indifferent to his serious medical needs and one of the defendants assaulted Rich. The magistrate judge recommended dismissing the case for failure to state a claim because the defendants were entitled to Eleventh Amendment immunity. The magistrate judge also recommended sanctioning Rich's counsel pursuant to Fed.R.Civ.P. 11. Rich's objections to the magistrate judge's report only challenged his recommendation regarding the imposition of sanctions and did not address his recommendation regarding the substantive issues. The district court adopted the magistrate judge's report and recommendation, dismissed Rich's claims, and sanctioned Rich's attorney. Proceeding pro se again, Rich filed a timely appeal. On appeal, he challenges the district court's resolution of the substantive issues, not the imposition of sanctions.
 
 
 3
 Initially, we note that, in his objections to the magistrate judge's report and recommendation, Rich did not challenge the magistrate judge's conclusion that the defendants were entitled to Eleventh Amendment immunity. As no objection to this determination was raised in the district court, appellate review of the issue is waived. See Thomas v. Arn, 474 U.S. 140, 155 (1985). Nonetheless, we note that the defendants are not subject to suit for monetary damages under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). Lastly, we also construe the district court's judgment as having dismissed without prejudice Rich's state law claims. See Bigelow v. Michigan Dep't of Natural Resources, 970 F.2d 154, 160 (6th Cir.1992).
 
 
 4
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.